IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-01819-ZLW-CBS

MICHAEL A. LAPORTE,

    Plaintiff,

v.

DAVID A. POPE,

    Defendant.

## ORDER OF REMAND

    This matter comes before the court on Defendant's Notice of Removal (Doc. No. 1; July 31, 2009). D.C.Colo.LCivR 81.1 requires that "[t]he removing party shall promptly file with this court copies of all state court pleadings, motions, and other papers." To date, no complaint or other state court documents have been filed with this Court.

    Additionally, this case is related to 09-cv-00851-MEH-CBS. In that case, Magistrate Judge Michael E. Hegarty issued an order (Doc. No. 23; July 1, 2009) remanding the case to the 14th Judicial District Court for Grand County, Colorado for lack of subject matter jurisdiction. Like the present case, 09-cv-00851 had also been removed from the District Court for Grand County, Colorado by the Defendant and is the same state court case that has been removed in the instant matter (Grand County District Court Case Number 09-cv-41).

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end.[1]  It is the filing party's burden to establish this Court's subject matter jurisdiction over his claims.[2]

The case removed to this court has previously been remanded in case 09-cv-00851.  There is no indication or explanation how the facts of the case have changed to allow removal to Federal Court notwithstanding Magistrate Judge Hegarty's July 1st order.  Defendant has not met his burden of showing this Court has subject matter jurisdiction.  Accordingly, it is

ORDERED that this case is remanded to the 14th Judicial District Court for Grand County, Colorado.

DATED at Denver, Colorado, this   14th   day of August, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[1] *In re* Franklin Savings Corp., 385 F.3d 1279, (10th Cir. 2004).

[2] See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).